**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111726

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Melanie Muhlstock, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Professional Claims Bureau, Inc., ARStrat, LLC, Ingram & Associates and OPTUM360, LLC, | |
| Defendants. | |

Melanie Muhlstock, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Professional Claims Bureau, Inc. ("PCB"), ARStrat, LLC ("ARS"), Ingram & Associates ("Ingram") and OPTUM360, LLC ("OPTUM")(hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

**PARTIES**

5. Plaintiff Melanie Muhlstock is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, PCB is a New York with a principal place of business in Nassau County, New York.

8. On information and belief, ARS is a Texas Limited Liability Company with a principal place of business in Harris County, Texas.

9. On information and belief, Ingram is a Tennessee Limited Liability Company with a principal place of business in Williamson County, Tennessee.

10. On information and belief, OPTUM is a Tennessee Limited Liability Company with a principal place of business in Williamson County, Tennessee.

11. On information and belief, Ingram is a wholly owned subsidiary of OPTUM.

12. On information and belief, OPTUM and Ingram share common offices at 1009 and 1023 Windcross Ct., Franklin, Tennessee 37067.

13. On information and belief, OPTUM and Ingram share a common telephone number.

14. On information and belief, OPTUM and Ingram share common officers and directors.

15. On information and belief, Ingram routinely uses OPTUM's mailing address in collection letters it sends to consumers.

16. On information and belief, OPTUM and Ingram advertise positions of employment under the same address.

17. On information and belief, OPTUM and Ingram advertise positions of employment holding themselves out as the same company.

18. On information and belief, Ingram is controlled by OPTUM.

19. Ingram is a mere instrumentality of OPTUM.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

20. Ingram is a mere instrumentality of OPTUM, used to shield OPTUM from liability under the FDCPA.

21. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

22. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

23. Defendants allege Plaintiff owes a debt ("the debt").

24. The debt was primarily for medical services and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

25. At an exact time known only to Defendants, the debt was assigned or otherwise transferred to ARS for collection.

26. In its effort to collect the debt, ARS contacted Plaintiff by letter dated December 16, 2016. (**"Exhibit 1."**) ("The ARS letter")

27. The ARS letter was the initial communication Plaintiff received from ARS.

28. The ARS letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. On or about December 22, 2016, Plaintiff disputed the debt by letter set to ARS.

30. ARS never responded to the letter, and never provided verification of the debt.

31. Thereafter, Plaintiff received a letter from PCB dated February 17, 2017 (**"Exhibit 2"**) for the debt. ("The PCB letter")

32. The PCB letter was the initial communication Plaintiff received from PCB.

33. The PCB letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. On or about March 3, 2017, Plaintiff disputed the debt by letter set to PCB.

35. PCB never responded to the letter, and never provided verification of the debt.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e
### AGAINST ARS

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

38. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39. The ARS letter states, in bold type "**Second Notice**."

40. The ARS letter was not the second letter Plaintiff received from ARS.

41. The ARS letter was the initial communication Plaintiff received from ARS.

42. The letters statement that it is the "Second Notice" is false.

43. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## SECOND COUNT
### Violation of 15 U.S.C. §§ 1692g and 1692e
### AGAINST ARS and PCB

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

45. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

46. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

47. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

48. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

49. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

50. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

51. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

consumer" would interpret the notice, is applied.

52. ARS's letter states that ARS is collecting the debt on behalf of "North Shore-LIJ Medical Group."

53. PCB's letter states that PCB is collecting the debt on behalf of "Northwell Health Physicians."

54. The least sophisticated consumer would likely be confused as to whether the creditor to whom the debt is owed is "North Shore-LIJ Medical Group.," or "Northwell Health Physicians."

55. The least sophisticated consumer would likely be uncertain as to whether the creditor to whom the debt is owed is "North Shore-LIJ Medical Group.," or "Northwell Health Physicians."

56. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

57. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

58. Defendants violated § 1692g as they failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

59. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

60. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

61. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

62. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

63. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

64. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

65. If ARS's letter is correct, then PCB's letter is false.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

66. If PCB's letter is correct, then ARS's letter is false.

67. The least sophisticated consumer would likely be deceived by the letters.

68. The least sophisticated consumer would likely be deceived in a material way by the letters.

69. Defendants violated § 1692e by using a false, deceptive and misleading representation in their attempt to collect a debt.

## THIRD COUNT
### Violation of 15 U.S.C. § 1692e
### AGAINST ARS, OPTUM and Ingram

70. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

71. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

72. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

73. 15 U.S.C. § 1692e(14) prohibits the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

74. ARS's letter references a website to make payments: https://usapaymentexchange.com/ARS.

75. Plaintiff attempted to verify the debt by visiting the website.

76. The website is a "communication" as defined by 15 U.S.C. § 1692a(2).

77. The website, purportedly for ARS, has the banner for "Ingram & Associates" at the top.

78. The ARS website has Ingram's logo.

79. Plaintiff entered the debt information from ARS's letter into the website, and was brought to a page for Ingram.

80. Plaintiff never received any letters from Ingram concerning the debt.

81. Either ARS is using Ingram's name, or Ingram is using ARS's name, in violation of 15 U.S.C. § 1692e(14).

82. Defendants' conduct violates § 1692e(10).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## CLASS ALLEGATIONS

83. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the state of New York from whom Defendants attempted to collect a consumer debt using the same unlawful means described herein, from one year before the date of this Complaint to the present.

84. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

85. Defendants regularly engage in debt collection, using the same unlawful conduct described herein, in its attempts to collect delinquent consumer debts from other persons.

86. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using the same unlawful conduct described herein.

87. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

88. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

89. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**JURY DEMAND**

90. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and her attorneys as Class Counsel; and

    c. Find that Defendants' actions violate the FDCPA; and

    d. Grant statutory damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: April 6, 2017

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 111726